**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

NATHAN BERKE,

    Petitioner,

vs.                                                                                    No. CIV 19-0914 JB\KBM
                                                                                      No. CR 17-1361 JB\KBM

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Petitioner's failure to prosecute his Motion Inquiring About 28 U.S.C. § 2255 Habeas Relief, filed September 27, 2019 (CR Doc. 104, CIV Doc. 1)("Motion").[1] In the Motion, Petitioner Nathan Berke asks the Court to toll the one-year limitation period for seeking § 2255 relief while he files his claims on the proper form. See Motion at 1. He did not respond, however, to an order providing instructions and setting a deadline to file a § 2255 petition. See Order Granting Leave to File Amended Habeas Petition, filed February 25, 2020 (CIV Doc. 4)("Amend Order"). Having reviewed applicable law and the record, the Court will dismiss the case without prejudice.

**FACTUAL BACKGROUND**

      Berke is a federal inmate and proceeding pro se. See Motion at 1. On September 25, 2018, he pled guilty to the following charges pursuant to a Plea Agreement: (i) Conspiracy to violate 21 U.S.C. § 841(b)(1)(B); (ii) Possession with intent to distribute 50 grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. § 841(b)(1)(B); (iii) Possessing a

---

[1] Unless otherwise noted, all references are to the filings in the criminal case, No. CR 17-1361 JB/KBM.

firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); (iv) Being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); (v) Theft and receipt of stolen mail in violation of 18 U.S.C. § 1708; and (vi) Bank fraud in violation of 18 U.S.C. § 1344. See Plea Agreement at 8-9, filed September 25, 2018 (Doc. 89).

The Court accepted the Plea Agreement and sentenced Berke to: (i) 77 months imprisonment on Counts 1-3; and (ii) 60 months imprisonment on Counts 5-10. See Judgment in a Criminal Case at 3, filed November 5, 2018 (Doc. 99)("Judgment"). The sentences all run concurrently, except for Count 4's sentence which runs consecutively to the others. See Judgment at 3. The total term of imprisonment is 137 months. See Judgment at 3. The Court entered the Judgment on November 5, 2018. See Judgment at 3. Berke did not appeal, in accordance with his waiver of rights under the Plea Agreement. See Plea Agreement at 16. The Judgment became final no later than November 20, 2018, the first business day following expiration of the 14-day appeal period. See United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006)("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal"); Fed. R. App. P. 4(b)(1)(A) (stating that a defendant's notice of appeal in a criminal case must be filed within fourteen days after the entry of judgment).

On September 27, 2019, Berke filed the Motion. The Motion is handwritten, and Berke appears to have filed it as a placeholder before the one-year limitation period expires on November 20, 2019. See 28 U.S.C. § 2255(f) (stating that habeas motions must generally be filed within one year after the criminal judgment becomes final). The Motion states:

I am in the process of filing a 2255 for inef[f]ective assistance of couns[e]l [and] I

> am requesting the ne[cess]ary form to fill out to formally file the motion. I recently lost coun[sel] that was helping me with my appeal [and] am close to running out of time. I was sentenced on 10-25-2018. I would also like to request an ext[e]nsion so I have time to file . . . . If you could please send me the proper forms to file the 2255 I would greatly appreciate it.

Motion at 1. The Motion generated a new civil habeas case, No. CIV 19-914 JB/KBM. The Court referred the matter to the Honorable Karen Molzen, United States Magistrate Judge for the United States District Court for the District of New Mexico, for recommended findings and disposition and to enter non-dispositive orders. See Order Referring Case, filed October 2, 2019 (CIV Doc. 3).

On February 25, 2010, Magistrate Judge Molzen entered the Amend Order. Judge Molzen directed the Clerk's Office to mail Berke a blank § 2255 form and directed him to file the completed petition within thirty-five days of entry of the Amend Order. See Amend Order at 1. The Amend Order states that, if Berke timely filed his completed § 2255 petition, the pleading would relate back to the original filing date, September 27, 2019. See Amend Order at 1. The Amend Order also warns: "If Berke fails to timely file a completed form § 2255 petition, the Court will dismiss the civil case without prejudice, and any subsequent filings may be untimely." Amend Order at 1. The deadline to file a completed § 2255 petition was March 31, 2020. See Amend Order at 1. Berke did not comply or otherwise respond to the Amend Order.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly

has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(internal citation omitted).  As the United States Court of Appeals for the Tenth Circuit explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation."  See Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."  Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).  If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d 1158, 1162 (10th Cir. 2016).  Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d at 1162.  Those criteria include: the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the litigant's culpability; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and lesser sanctions' efficacy.  See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d at 1162.

Here, Berke has not filed a completed § 2255 petition as the Amend Order requires.  In

light of this failure, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute. See <u>Olsen v. Mapes</u>, 333 F.3d 1199 at 1204. After considering the factors in <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center</u>, the dismissal will be without prejudice. Because the Court has not reached the merits of any habeas claims, the dismissal also will not count as Berke's "first" § 2255 filing. 28 U.S.C. § 2255(f) (noting that district courts have jurisdiction over a petitioner's first habeas filing, but the Court of Appeals' permission is necessary before the district court can rule on any second or successive filings).

**IT IS ORDERED** that: (i) the Petitioner's Motion Inquiring About 28 U.S.C. § 2255 Habeas Relief, filed September 27, 2019 (CR Doc. 104, CIV Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of the civil habeas case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Nathan Berke
FCI Victorville
Adelanto, California

	*Pro se petitioner*